A. B. CHAPMAN v. J. L. MORRIS AND OTHERS, COMPOS-
ING THE BOARD OF SUPERVISORS OF LOS ANGELES COUNTY,
AND CHRISTOBAL AQUILAR, TREASURER OF LOS
ANGELES COUNTY.

FUNDING COUNTY WARRANTS DRAWING NO INTEREST.—A law authorizing a county
    to fund its outstanding warrants which were not to draw interest, and to make the
    bonds given in exchange therefor bear interest, is not unconstitutional.

APPEAL from the District Court, First Judicial District,
Los Angeles County.

The Act of April 5th, 1861, to fund the indebtedness of Los
Angeles County, then outstanding in the form of county war-
rants, provided that the county should not pay any interest on
any warrants issued after July 1st, 1861.

In 1864 the county had outstanding a large amount of war-
rants unpaid, which had been issued under the Act of 1861,
and did not draw interest. The Act of April 4th, 1864,
authorized the county to fund these outstanding warrants with
bonds running twenty years, and bearing interest at seven per
cent per annum. The plaintiff, who was District Attorney of
the county, had issued to him a warrant for his salary on the
8th day of February, 1864, for six hundred and seventy dol-
lars. The county officers were proceeding to fund the war-
rants under the Act of 1864, with interest bearing bonds,
when he commenced this action to enjoin the Board of Super-
visors and Treasurer from issuing the bonds.

Defendants demurred to the complaint, the demurrer was
sustained, and the Court gave judgment for defendants.

Plaintiff appealed.

*Crockett & Whiting*, for Appellant.

Could the Legislature modify the Act of April 5th, 1861, as
was attempted to be done, in respect to interest, by the tenth
section of the Act of April 4th, 1864?

By section ten of the first named Act, the claims authorized
to be funded could be paid in no other manner. Creditors

50

were forced to fund their claims or get nothing. They were to accept bonds bearing a low rate of interest and payable at a distant period. And as an inducement to the creditors to accept these hard terms, and as an assurance to the taxpayers that they were thereafter to be oppressed with no payment of interest, except that to be paid on the bonds, the Legislature, in section eighteen, declared that no interest should be paid on warrants to be issued after July 1st, 1861. On the faith of this enactment the debt was funded; and subsequently to July 1st, 1861, other warrants were issued by the Auditor, which bore no interest, and could bear none as the law stood. The holders of these warrants knew, when they accepted them, that they were to receive no interest. It was, to all intents and purposes, a *contract* between the county and the holders of the warrants, that no interest was to be paid. A contract made by a municipal corporation is as much within the protection of the Constitution as the contract of a private person. (*Benson* v. *The Mayor of New York,* 10 Barb. 223; *Bayley* v. *The Mayor, etc.,* 3 Hill, 531; Angell & Ames on Corporations, §33.)

*V. E. Howard,* for Respondents.

The claim for interest was equitable, as the county could not pay, according to the face of the warrant, but deferred payment. If not legal, still as the interest was a good, equitable claim, the Legislature might authorize the payment. (*People* v. *Burr,* 13 Cal. 351.)

The power of the Legislature to authorize a county to fund its indebtedness and postpone creditors, does not appear to be an open question. (*Hunsacker* v. *Borden,* 5 Cal. 290; *Mc-Donald* v. *Maddux,* 11 Cal. 187.)

By the Court, SAWYER, J.

Section eighteen of the Act of 1861, authorizing Los Angeles County to fund its indebtedness, provides that no interest shall

be paid on any warrant drawn on the County Treasurer after July 1st, 1861.

In 1864 another Act was passed authorizing the further funding of the indebtedness of the county, which should accrue prior to July 1st, 1864; and the Act provides, that, on all indebtedness entitled to be funded on that day, interest shall be allowed at the rate of ten per cent per annum from the date of the protest of the same by the County Treasurer, to said July 1st, 1864. This provision embraces warrants that were not to bear interest under the Act of 1861.

The only question made by the appellants is, that the provision authorizing interest to be allowed on those warrants, which, by the Act of 1861, bore no interest when the indebtedness was incurred, and the warrants drawn, is unconstitutional and void. The bonds to be issued were made payable in twenty years, with interest at only seven per cent. The county being unable to pay its warrants as they were issued, the postponement of the payment for a period of twenty years, at the low rate of seven per cent per annum interest, would seem to be a sufficient consideration for allowing interest from the time of protest for non-payment till the time of funding. At all events, the postponement gave the holders an equitable claim to the allowance of interest which it was competent for the Legislature to recognize, and authorize to be paid. The principles announced in *Blanding* v. *Burr,* 13 Cal. 349 ; *Contra Costa County* v. *Board of Supervisors of Alameda County,* 26 Cal. 649; and *People* v. *Pacheco,* 27 Cal. 176, are applicable to this case. Upon the authority of these cases the provisions of the Act complained of must be held to be constitutional.

Judgment affirmed.